FILED _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

SEP 28 2010

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

GUILLERMO BELTRAN,

    Petitioner,

vs.

GREG SMITH, et al.,

    Respondents.

Case No. 3:10-CV-00457-ECR-(RAM)

**ORDER**

    The court directed petitioner to show cause why this action should not be dismissed as untimely. Order (#5). Petitioner has submitted his statements of cause and request for equitable tolling (#8). The court concludes that petitioner has not shown cause, and the court will dismiss this action as untimely.

    Petitioner's argument for equitable tolling involves a fellow inmate, Randal Wiideman, with whom this court is familiar. See Wiideman v. Angelone, 848 F. Supp. 136 (D. Nev. 1994). Petitioner alleges that when he arrived at prison, Wiideman held himself out as a licenced, practicing attorney and employee of the U.S. Law Corporation. Wiideman promised to assist petitioner in investigations and post-conviction proceedings. Through Wiideman, petitioner received forged documents, including a purported affidavit of recantation by a key witness. Petitioner, represented by Laura Grant, filed a motion for a new trial. After the documents were shown to be inauthentic, Grant withdrew the motion.

    The court is not persuaded by petitioner's argument for equitable tolling. "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights

1 | diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely
2 | filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S.
3 | 408, 418 (2005)). Petitioner does not allege when his motion for a new trial was pending, but,
4 | assuming that it was properly filed, during that time the period of limitation was tolled pursuant to
5 | 28 U.S.C. § 2244(d)(2). Furthermore, according to a letter dated June 18, 2007, petitioner's prior
6 | counsel, Robert Walker, gave Grant his copies of the forged documents and noted not only that he
7 | was unable to verify the authenticity of the affidavit of recantation but that the notary whose name
8 | appeared on the affidavit denied notarizing that document. Statements, Ex. 1 (#8). Even if the
9 | forged documents were an extraordinary circumstance that prevented petitioner from pursuing post-
10 | conviction relief based upon actual claims, petitioner commenced this action three years after he
11 | learned about the forgeries. That is not a diligent pursuit of his rights.
12 |      Petitioner's argument for equitable tolling also does not take into account his
13 | untimely state habeas corpus petition. Because it was untimely, it was not properly filed and did not
14 | toll the period of limitation pursuant to 28 U.S.C. § 2244(d)(2). Pace, 544 U.S. at 417. The petition
15 | was pending from January 5, 2009, through July 6, 2010. That time alone exceeds the one-year
16 | period of limitation of 28 U.S.C. § 2244(d). Petitioner does not explain, and the court sees no
17 | reason, why he was able to pursue a state-court petition but was unable to pursue a federal-court
18 | petition. See Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009).
19 |      Petitioner also asks the court to excuse operation of the statute of limitations because
20 | he is actually innocent. There is no actual-innocence exception to the statute of limitations. Lee v.
21 | Lampert, 610 F.3d 1125 (9th Cir. 2010).
22 |      Reasonable jurists would not find the court's conclusions to be debatable or wrong,
23 | and the court will not issue a certificate of appealability.
24 |      Petitioner has submitted a motion for appointment of counsel (#9). The motion is
25 | moot because the court is dismissing this action.
26 |      IT IS THEREFORE ORDERED that petitioner's motion for appointment of counsel
27 | (#9) is **DENIED** as moot.
28 |

 1    IT IS FURTHER ORDERED that petitioner's statements of cause and request for
 2 equitable tolling (#8) is **DENIED**. This action is **DISMISSED** with prejudice as untimely. The
 3 clerk of the court shall enter judgment accordingly.
 4    IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.
 5    DATED: 9-27-10

                                                    _____
                                                    EDWARD C. REED
                                                    United States District Judge

 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28